# EXHIBIT A

10/4/16 e to 11.30

#3

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLSTATE INSURANCE COMPANY OF CALIFORNIA, ALLSTATE INSURANCE
COMPANY, et al.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MATTHEW BARNARD

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **ENDORSED FILED** |
| OCT 0 5 2016 |
| SUPERIOR COURT OF CALIFORNIA COUNTY OF SONOMA |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Sonoma County Superior Court 600 Administration Drive, Room 107-J Santa Rosa, CA 95403 | CASE NUMBER: *(Número del Caso):* SCV - 259537 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Green and Scott R. Montgomery (278060)   Abbey, Weitzenberg, Warren & Emery, P.C
P.O. Box 1566   (707) 542-5050
Santa Rosa, CA 95402

| DATE: *(Fecha)* OCT 0 5 2016 | JOSE O. GUILLEN | Clerk, by *(Secretario)* | BERNADETTE SMITH | , Deputy *(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* AllState Insurance Company
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Business Organization, Form Unknown
4. ☒ by personal delivery on *(date):* 10/4/16

| [SEAL] | |
| --- | --- |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]



**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Barnard, Matthew

#3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael D. Green (214142) and Scott R. Montgomery (278060)<br>Abbey, Weitzenberg, Warren & Emery, P.C<br>P.O. Box 1566<br>Santa Rosa, CA 95402-1566<br>TELEPHONE NO.: (707) 542-5050    FAX NO.: (707) 542-2589<br>ATTORNEY FOR *(Name)*: MATTHEW BARNARD | **ENDORSED<br>FILED**<br><br>OCT 05 2016<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 600 Administration Drive, Room 107-J
MAILING ADDRESS
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME: Unlimited Civil Jurisdiction

CASE NAME: BARNARD V. ALLSTATE INSURANCE COMPANY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: SCV-259537 |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: RENÉ AUGUSTE CHOUTEAU<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: Two
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 4, 2016

SCOTT R. MONTGOMERY
*(TYPE OR PRINT NAME)*    ▶ _(signature)_    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]<br>*Martin Dean's*<br>ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Barnard, Matthew

#3

1   Michael D. Green, Esq. (SBN 214142)
    Scott R. Montgomery, Esq. (SBN 278060)
2   **ABBEY, WEITZENBERG, WARREN & EMERY, P.C.**
    100 Stony Point Road, Suite 200
3   P.O. Box 1566
    Santa Rosa, CA 95402-1566
4   Telephone: 707-542-5050
    Facsimile: 707-542-2589
5   mgreen@abbeylaw.com
    smontgomery@abbeylaw.com
6

**ENDORSED
FILED**

OCT 0 5 2016

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

7   Attorneys for Plaintiff Matthew Barnard

8                 SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF SONOMA

10

11  MATTHEW BARNARD,                    Case No. SCV-259537

12          Plaintiff,                  **COMPLAINT FOR DAMAGES**

13      v.

14  ALLSTATE INSURANCE COMPANY
    OF CALIFORNIA; ALLSTATE
15  INSURANCE COMPANY; and DOES 1-
    100,
16
            Defendants.
17

18      1.      Plaintiff Matthew Barnard (hereinafter "Plaintiff") is, and at all relevant times

19  was, an individual and resident of Sonoma County, California.

20      2.      Defendants Allstate Insurance Company of California, Allstate Insurance

21  Company, and DOES 1-100 are, and at all relevant times were, corporations organized and

22  existing under the laws of the State of California, and/or corporations doing business in the State

23  of California, including, but not limited to, in the County of Sonoma ("Allstate Defendants").

24  The Allstate Defendants are/were authorized to issue and deliver policies of insurance in the

25  State of California including, but not limited to, in the County of Sonoma.

26      3.      The Allstate Defendants, and DOES 1-100, are corporations, businesses, or other

27  entities/persons engaged in the business of insurance, including but not limited to, issuance of

28  policies, claims administration, claims adjusting, claims handling, and providing insurance

                                   -1-

**COMPLAINT FOR DAMAGES**

ABBEY, WEITZENBERG, WARREN & EMERY P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1   coverage in the State of California including, but not limited to, in the County of Sonoma. Each

2   of these defendants were authorized and directed to perform one or more insurance related

3   functions by each of the other defendants. Some of the employees of one company work for,

4   perform functions for, direct, and control the other companies.

5         4.     Each of the defendants named herein were acting as the agent, servant, employee,

6   alter-ego, co-conspirator, partner, parent, subsidiary, co-obligator, assignee, and/or joint

7   tortfeasor with each of the other defendants. Each of the defendants authorized, ratified,

8   approved, and/or planned the actions and/or lack of action of the other defendants. All things

9   alleged herein to have been done by defendants, or their agents or employees, were done in the

10   course and scope of said agency or employment, with the necessary authority, and were ratified

11   and approved by each of the remaining defendants. Each defendant is in some manner legally

12   responsible for the acts of each of the other defendants and is therefore responsible for the

13   injuries and damages alleged in the complaint.

14         5.     On January 22, 2016 Plaintiff was severely injured in a traffic accident (the

15   "Accident"). The Accident occurred when a driver in the opposing lane of traffic crossed the

16   centerline and impacted Plaintiff's vehicle. The opposing/at-fault driver died in the Accident.

17   Plaintiff spent time in the hospital and underwent surgical procedures as a result of the Accident.

18   The Accident was 100% the fault of the opposing driver. The opposing driver was not insured at

19   the time of the Accident.

20         6.     Plaintiff is/was insured by an insurance policy he purchased from/that was written

21   by the Allstate Defendants (the "Policy"). Under the terms of the Policy Plaintiff has/had

22   $1,000,000.00 of uninsured/underinsured motorist insurance coverage applicable to pay damages

23   resulting from the Accident. The Policy is/was delivered to Plaintiff in the State of California

24   and all premiums for the policy were paid in the State of California.

25         7.     On or about July 21, 2016 demand was made by Plaintiff (in writing) to the

26   Allstate Defendants for payment of the $1,000,000.00 limit of the Policy to compensate Plaintiff

27   for his damages suffered in the Accident.

28   ///

ABBEY, WEITZENBERG, WARREN & EMERY P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

1    8.    On or about August 15, 2016 the Allstate Defendants responded to Plaintiff's

2    demand for payment of the $1,000,000.00 limit of the Policy.  The Allstate Defendants

3    acknowledged (in writing) that $450,000.00 was due and owing to Plaintiff under the Policy.

4    The Allstate Defendants dispute/disputed Plaintiff's contention that he is/was entitled to be paid

5    as damages the remaining $550,000.00 of the $1,000,000.00 limit of the Policy.

6    9.    On or about August 15, 2016 Plaintiff responded.  Plaintiff agreed with the

7    Allstate Defendants (in writing) that $450,000.00 of the $1,000,000.00 Policy was due to

8    Plaintiff.  Plaintiff requested immediate payment of the $450,000.00 not in dispute.  Plaintiff also

9    requested immediate payment of the $550,000.00 of the $1,000,000.00 limit of the Policy that

10   was in dispute.  Plaintiff provided the Allstate Defendants with a W-9 and payment instructions

11   for the $450,000.00 agreed to be due.

12   10.    On August 17, 2016, August 19, 2016, and September 2, 2016, and since that

13   time, Plaintiff has continuously demanded payment from the Allstate Defendants of the

14   $450,000.00 agreed to be due/not in dispute under the Policy.  The Allstate Defendants, despite

15   repeat demand by Plaintiff, have failed and refused, and continue to fail and refuse, to pay

16   Plaintiff the $450,000.00 agreed to be due to him/not in dispute.  The Allstate Defendants have

17   also failed and refused, and continue to fail and refuse, to pay the additional $550,000.00 of the

18   $1,000,000.00 Policy that has been repeatedly demanded by Plaintiff.

19                          **FIRST CAUSE OF ACTION**
                            **Breach of Insurance Contract**
20                          **[Against All Defendants]**

21   11.    Plaintiff incorporates by reference all the above and below allegations and

22   paragraphs as though fully set forth herein.

23   12.    The Allstate Defendants issued the Policy to Plaintiff.  Plaintiff is/was an insured

24   under the Policy.  The Policy is/was a contract between Plaintiff and the Allstate Defendants

25   whereby the Allstate Defendants agreed to provide uninsured/underinsured motorist coverage to

26   Plaintiff with a limit of $1,000,000.00.  The Policy is/was a contract entered into in the County

27   of Sonoma for the provision of insurance, including uninsured and/or underinsured motorist

28   coverage, to Plaintiff who is/was a resident of the County of Sonoma.

-3-

**COMPLAINT FOR DAMAGES**

ABBEY, WEITZENBERG, WARREN & EMERY P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050    Facsimile: (707) 542-2589

13.    The express terms of the Policy, and the terms of the Policy required/read into the Policy under California law, require that the Allstate Defendants pay Plaintiff up to $1,000,000.00 for his damages in the event of a loss covered by the Policy.  The Accident is/was a loss covered by the Policy.

14.    As detailed above, Plaintiff demanded $1,000,000.00 from the Allstate Defendants with respect to the injuries and damages he suffered in the Accident.  The Allstate Defendants responded to Plaintiff's demand.  In responding the Allstate Defendants agreed, in writing, that $450,000.00 was due to Plaintiff and disputed that the remaining $550,000.00 of the $1,000,000.00 limit of the Policy was due to Plaintiff.  Despite agreeing that Plaintiff was entitled to (at least) $450,000.00 under the Policy the Allstate Defendants have failed and refused, and continue to fail and refuse, to pay Plaintiff the $450,000.00 not in dispute despite repeat and continuous demand.

15.    At all relevant times all the necessary terms and conditions of the Policy were complied with by Plaintiff.  The Allstate Defendants breached the express terms of the Policy, and the terms of the Policy required/read into the Policy under California law, by failing and refusing to tender the $450,000.00 agreed to be due to Plaintiff despite repeat demand.  Plaintiff timely demanded that the Allstate Defendants abide by the obligations under the Policy.  The Allstate Defendants have failed and refused to do so.

16.    The Allstate Defendants breached obligations to Plaintiff under the express terms of the Policy, and the terms of the Policy required/read into the Policy under California law, in the following ways (including but not limited to):

A.    Failing and refusing to tender the $450,000.00 agreed to be due/not in dispute to Plaintiff under the Policy in violation of California law which requires prompt payment of sums agreed to be due/not in dispute in a first-party uninsured/underinsured motorist claim without condition or delay by the insurer;

B.    Failing and refusing to tender the $450,000.00 agreed to be due/not in dispute to Plaintiff under the Policy in violation of California Civil Code § 1525;

C.    Failing and refusing to settle Plaintiff's claim for the $1,000,000.00 limit of the

-4-

COMPLAINT FOR DAMAGES

ABBEY, WEITZENBERG, WARREN & EMERY p.c.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050   Facsimile (707) 542-2589

ABBEY, WEITZENBERG, WARREN & EMERY P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050   Facsimile (707) 542-2589

1   Policy when Plaintiff's damages clearly exceed the Policy limit;

2       D.      Acting unreasonably with respect to Plaintiff and his interests in breach of the

3   covenant of good faith and fair dealing;

4       E.      Failing to promptly respond to Plaintiff's communications with respect to the

5   claim;

6       F.      Failing to follow standards for investigating and evaluating claims imposed by

7   law, the California Insurance Code, and Department of Insurance regulations;

8       G.      Adopting a narrow, strained, deceptive, and unreasonable interpretation of the

9   Policy inconsistent with the law, prior interpretation of the Policy, and the practice within the

10  insurance industry in an effort to delay/deny the payment of benefits due under the Policy;

11      H.      Withholding benefits due to Plaintiff when the Allstate Defendants knew, or

12  should have known, Plaintiff was entitled to those benefits;

13      I.      Failing to thoroughly and properly investigate Plaintiff's injuries and damages;

14      J.      Placing the Allstate Defendants' interests ahead of the interests of Plaintiff;

15      K.      Misrepresenting and misconstruing rights under the Policy;

16      L.      Attempting to mislead Plaintiff in order to prevent him recovering benefits due

17  under the Policy;

18      M.      Frustrating the reasonable expectations of Plaintiff by providing illusory and

19  deceptive coverage; and

20      O.      Performing additional acts of unfair, unreasonable, and bad faith conduct, to be

21  proven at trial.

22      17.     As a result of the failures and refusals of the Allstate Defendants to abide by the

23  law contained in the UM/UIM statutes/contract/Policy/cases interpreting same the Allstate

24  Defendants have forfeited, waived, and are estopped from asserting any right they might have

25  otherwise had to have any of the claims/issues raised in this lawsuit decided by arbitration.

26      18.     As a direct and legal consequence of the above Plaintiff is entitled to recover

27  damages including, but not limited to, contract benefits to which he is entitled (described above),

28  interest on the amounts due from the date these amounts became due, attorney's fees, general

-5-

COMPLAINT FOR DAMAGES

1   damages, special damages, and other consequential damages according to proof.

2   <center>**SECOND CAUSE OF ACTION**</center>
3   <center>**Breach Of The Implied Covenant Of Good Faith And Fair Dealing**
    **[Against All Defendants]**</center>

4   19.    Plaintiff incorporates by reference all the above and below allegations and

5   paragraphs as though fully set forth herein.

6   20.    The Allstate Defendants issued the Policy to Plaintiff. Plaintiff is/was an insured

7   under the Policy. The Policy is/was a contract between Plaintiff and the Allstate Defendants

8   whereby the Allstate Defendants agreed to provide uninsured and/or underinsured motorist

9   coverage to Plaintiff with a limit of $1,000,000.00. The Policy is/was a contract entered into in

10  the County of Sonoma for the provision of insurance, including uninsured and/or underinsured

11  motorist coverage, to Plaintiff who is/was a resident of the County of Sonoma.

12  21.    The express terms of the Policy, and the terms of the Policy required/read into the

13  Policy under California law, require that the Allstate Defendants pay Plaintiff up to

14  $1,000,000.00 for his damages in the event of a loss covered by the Policy. The Accident is/was

15  a loss covered by the Policy.

16  22.    As detailed above, Plaintiff demanded $1,000,000.00 from the Allstate

17  Defendants with respect to the injuries and damages he suffered in the Accident. The Allstate

18  Defendants responded to Plaintiff's demand. In responding the Allstate Defendants agreed, in

19  writing, that $450,000.00 was due to Plaintiff and disputed that the remaining $550,000.00 of the

20  $1,000,000.00 limit of the Policy was due to Plaintiff. Despite agreeing that Plaintiff was

21  entitled to (at least) $450,000.00 under the Policy the Allstate Defendants have failed and

22  refused, and continue to fail and refuse, to pay Plaintiff the $450,000.00 not in dispute despite

23  repeat and continuous demand.

24  23.    At all relevant times all the necessary terms and conditions of the Policy were

25  complied with by Plaintiff. The Allstate Defendants breached the express terms of the Policy,

26  and the terms of the Policy required/read into the Policy under California law, by failing and

27  refusing to tender the $450,000.00 agreed to be due to Plaintiff despite repeat demand. Plaintiff

28  timely demanded that the Allstate Defendants abide by the obligations under the Policy. The

<center>-6-</center>

**COMPLAINT FOR DAMAGES**

ABBEY, WEITZENBERG, WARREN & EMERY P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050   Facsimile (707) 542-2589

1   Allstate Defendants have failed and refused to do so.

2       24.    The Allstate Defendants unreasonably and tortuously breached the implied

3   covenant of good faith and fair dealing that they owed to Plaintiff under the express terms of the

4   Policy, and the terms of the Policy required/read into the Policy under California law, in the

5   following ways (including but not limited to):

6       A.    Failing and refusing to tender the $450,000.00 agreed to be due/not in dispute to

7   Plaintiff under the Policy in violation of California law which requires prompt payment of sums

8   agreed to be due/not in dispute in a first-party uninsured and/or underinsured motorist claim

9   without condition or delay by the insurer;

10      B.    Failing and refusing to tender the $450,000.00 agreed to be due/not in dispute to

11  Plaintiff under the Policy in violation of California Civil Code § 1525;

12      C.    Failing and refusing to settle Plaintiff's claim for the $1,000,000.00 limit of the

13  Policy when Plaintiff's damages clearly exceed the Policy limit;

14      D.    Acting unreasonably with respect to Plaintiff and his interests in breach of the

15  covenant of good faith and fair dealing;

16      E.    Failing to promptly respond to Plaintiff's communications with respect to the

17  claim;

18      F.    Failing to follow standards for investigating and evaluating claims imposed by

19  law, the California Insurance Code, and/or the Department of Insurance regulations;

20      G.    Adopting a narrow, strained, deceptive, and unreasonable interpretation of the

21  Policy inconsistent with the law, prior interpretation of the Policy, and the practice within the

22  insurance industry all in an effort to delay/deny the payment of benefits due under the Policy to

23  Plaintiff;

24      H.    Withholding benefits due to Plaintiff when the Allstate Defendants knew, or

25  should have known, Plaintiff was entitled to those benefits;

26      I.    Failing to thoroughly and properly investigate Plaintiff's injuries and damages;

27      J.    Placing the Allstate Defendants' interests ahead of the interests of Plaintiff;

28      K.    Misrepresenting and misconstruing rights under the Policy;

-7-

COMPLAINT FOR DAMAGES

ABBEY, WEITZENBERG, WARREN & EMERY P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050   Facsimile (707) 542-2589

1    L.      Attempting to mislead Plaintiff in order to prevent him recovering all benefits due

2    under the Policy;

3    M.      Frustrating the reasonable expectations of Plaintiff by providing illusory and

4    deceptive coverage; and

5    O.      Performing additional acts of unfair, unreasonable, and bad faith conduct, to be

6    proven at trial.

7    25.     The Allstate Defendants' conduct has resulted in the unreasonable denial and

8    delay of benefits due to Plaintiff as described above.

9    26.     As a direct result of the Allstate Defendants' unreasonable and bad faith conduct

10   Plaintiff has suffered damages (and continues to suffer damages) including, but not limited to,

11   the damages alleged above, attorney's fees and costs, general damages, special damages, interest,

12   consequential damages, and additional and further amounts/damages to be proven at trial.

13   27.     The Allstate Defendants have engaged/are presently engaged in the practices and

14   conduct described herein in an attempt to force Plaintiff to settle his UM/UIM claim for less than

15   what he is due under the Policy.  The Allstate Defendants have withheld (and presently are

16   withholding) benefits that they have acknowledged are owed/not in dispute in a bald attempt to

17   wait Plaintiff out and force Plaintiff to settle his claim for less than it is worth and, moreover, so

18   as to earn interest on the money presently due to Plaintiff that is being retained by the Allstate

19   Defendants.  The Allstate Defendants knowingly and consciously are ignoring (and have

20   ignored) Plaintiff's rights and have done the alleged acts intentionally, maliciously, and as part of

21   a business practice that is designed to unfairly maximize the Allstate Defendants' profits to the

22   severe detriment of Plaintiff.

23   28.     In doing the acts set forth above the Allstate Defendants acted maliciously,

24   oppressively, fraudulently, and in knowing and conscious disregard of Plaintiff's rights thereby

25   justifying an award of punitive damages in a sum adequate to punish them for such conduct and

26   to deter such conduct in the future.

27   WHEREFORE, Plaintiff prays for judgment as follows:

28   1.      Payment of the $450,000.00 due and owing under the $1,000,000.00 Policy plus

-8-

ANTRY, WEITZENBERG, WARREN & EMERY P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050   Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

1    interest at the legal rate of 10% from the date the obligation was owed (August 15, 2016);

2        2.      Payment of the $550,000.00 remaining due and owing under the $1,000,000.00

3    Policy plus interest at the legal rate of 10%;

4        3.      General and special damages according to proof;

5        4.      Attorney's fees and litigation expenses in an amount according to proof;

6        5.      Punitive damages according to proof;

7        6.      Interest on all damages including, but not limited to, interest under California

8    Civil Code §§3287 and 3288;

9        7.      Costs of suit herein incurred; and

10       8.      Such other and further relief as the Court may deem proper.

11   Dated: October 4, 2016                    ABBEY, WEITZENBERG, WARREN & EMERY

12                                             By: _____

13                                                 Michael D. Green, Esq.
                                                   Scott R. Montgomery, Esq.
14                                                 Attorneys for Plaintiff Matthew Barnard

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

**COMPLAINT FOR DAMAGES**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov<br><br>Barnard vs Allstate Insurance Company of California | (FOR COURT USE ONLY)<br><br>**ENDORSED<br>FILED**<br><br>OCT 0 5 2016<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE | Case number:<br><br>SCV-259537 |

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
AND WITH ANY CROSS-COMPLAINT**

**1. THIS ACTION IS ASSIGNED TO HON. RENE A CHOUTEAU FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

**2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.**

A Case Management Conference has been set at the time and place indicated below:

| Date: Tuesday, 02/07/2017 | Time: 3:00 PM | Courtroom 18 |
|---|---|---|
| Location: 3055 Cleveland Avenue, Santa Rosa, CA 95403 | | |

**3.** No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

**4.** At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

**5.** Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County.  The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov.  The advantages of e-service to the parties include:

| | |
|---|---|
| **SAVE MONEY** | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| **SAVE TIME** | Instant service of your documents on all parties |
| **SAVE SPACE** | With 24/7 internet access to all documents, you do not need to house paper copies |
| **GAIN CERTAINTY** | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org.  The Court does not endorse one provider over another.
**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program.  Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments.  The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov.  On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program.  You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

1   CYNTHIA L. MELLEMA (State Bar No. 122798)
    JEFFRY BUTLER (State Bar No. 180936)
2   MEGAN BARKER (State Bar No. 245991)
    DENTONS US LLP
3   One Market Plaza, Spear Tower, 24th Floor
    San Francisco, California 94105
4   Telephone:    (415) 267-4000
    Facsimile:    (415) 267 4198
5   E-mail:    cynthia.mellema@dentons.com
               jeffry.butler@dentons.com
6               megan.barker@dentons.com

7   Attorneys for Defendant
    ALLSTATE INSURANCE COMPANY

8

                                    ENDORSED
                                     FILED

                                    NOV - 7 2016

                              SUPERIOR COURT OF CALIFORNIA
                                   COUNTY OF SONOMA

9

10                    SUPERIOR COURT OF CALIFORNIA

11                         COUNTY OF SONOMA

12   MATTHEW BARNARD,                     No. SCV259537

13          Plaintiff,                    ALLSTATE INSURANCE COMPANY'S
                                          ANSWER TO COMPLAINT
14       vs.

15   ALLSTATE INSURANCE COMPANY;
     ALLSTATE INSURANCE COMPANY OF
16   CALIFORNIA; and DOES 1-100, inclusive,

17          Defendants.

18       Defendant Allstate Insurance Company hereby answers plaintiff Matthew Barnard's

19   complaint (the "Complaint") as follows:

20                            GENERAL DENIAL

21       Allstate generally denies each and every material allegation in the Complaint pursuant to

22   Code of Civil Procedure 431.30(d).  Allstate further denies plaintiff sustained any injury,

23   damage, or loss by reason of any conduct, action, error, or omission on the part of Allstate.

24       Allstate files this answer without prejudice to its right to file a further amended answer or

25   other response, including cross-complaints, after conducting discovery.

26

27

28

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

                              - 1 -

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

## AFFIRMATIVE DEFENSES

(Applicable To All Causes Of Action)

### First Defense

**(Failure to State Cause of Action)**

The Complaint, and each purported cause of action in the Complaint, fails to state facts sufficient to constitute a cause of action against Allstate.

### Second Defense

**(Waiver)**

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of waiver.

### Third Defense

**(Estoppel)**

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of estoppel.

### Fourth Defense

**(Unclean Hands)**

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of unclean hands.

### Fifth Defense

**(Laches)**

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of laches.

### Sixth Defense

**(Fault of Others)**

Plaintiff's damages, the fact and extent of which Allstate denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations, or entities other than Allstate, for which Allstate is not

responsible.  Such intentional conduct, negligence, or fault bars recovery against Allstate or comparatively reduces the percentage of fault or negligence, if any, of Allstate.

### Seventh Defense

### (Consent and/or Authorization of Plaintiff)

Plaintiff consented to and/or authorized all conduct and/or omissions of Allstate alleged in the Complaint.

### Eighth Defense

### (Active Fault of Plaintiff)

The Complaint, and each purported cause of action in the Complaint, is barred by plaintiff's active fault.

### Ninth Defense

### (Comparative Fault)

The Complaint, and each purported cause of action in the Complaint, is barred and/or plaintiff's recovery is reduced because plaintiff's alleged damages resulted from plaintiff's comparative fault.

### Tenth Defense

### (Mitigation of Damages)

To the extent plaintiff failed to mitigate, minimize or avoid any damages allegedly suffered, plaintiff's recovery against Allstate, if any, must be reduced by that amount.

### Eleventh Defense

### (Assumption of Risk)

Plaintiff knew, or in the exercise of reasonable care should have known, the risks of the matters alleged in the Complaint.  Plaintiff knowingly and voluntarily assumed and accepted such risks, and any damages allegedly caused by Allstate's conduct were the proximate result of plaintiff's assumption and acceptance of such risks.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

## Twelfth Defense

### (No Causation)

Plaintiff is entitled to no relief from Allstate because plaintiff sustained no injury, damage, or loss by reason of any conduct, act, error, or omission on Allstate's part.

## Thirteenth Defense

### (Privilege)

Allstate's alleged acts, conduct, and/or omissions were lawful, privileged, and/or justified.

## Fourteenth Defense

### (Intervening Cause)

Plaintiff's damages, the fact and extent of which Allstate denies, were proximately caused by intervening, superseding, and/or supervening acts for which Allstate has no liability.

## Fifteenth Defense

### (Election of Remedies)

To the extent plaintiff elected to pursue a certain remedy, plaintiff is barred from pursuing or recovering under any other remedy under the doctrine of election of remedies.

## Sixteenth Defense

### (Accord and Satisfaction)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of accord and satisfaction.

## Seventeenth Defense

### (Set-Off)

Plaintiff's damages, the fact and extent of which Allstate denies, are set-off or extinguished under the equitable doctrine of set-off or under California Code of Civil Procedure section 431.70.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

**Eighteenth Defense**

**(Ratification of Conduct)**

With full knowledge of all facts in any way connected with or relating to the matters alleged in the Complaint, plaintiff duly ratified, acquiesced, and/or confirmed in all respects the conduct and/or omissions of Allstate alleged in the Complaint.

**Nineteenth Defense**

**(Indemnification from Responsible Parties)**

To the extent Allstate is liable, if at all, for any of plaintiff's claims, the fact and extent of which Allstate denies, Allstate is entitled to indemnification, contribution, and/or equitable apportionment for such claims among all other parties responsible for plaintiff's claims.

**Twentieth Defense**

**(Statute of Limitations)**

The Complaint, and each purported cause of action in the Complaint, is barred by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340 and 343.

**Twenty-first Defense**

**(Obligations Limited to Policy Terms)**

Allstate's obligations, if any, to plaintiff are governed and limited by the terms, definitions, exclsusions, conditions, and limitations contained in the Allstate policy and endorsements (the "Policy").

**Twenty-second Defense**

**(Policy Limits)**

The Policy provides coverage, if at all, only to the extent of the limits of liability listed on the declaration page or otherwise contained in the Policy form and endorsements.

**Twenty-third Defense**

**(No Coverage for Claimed Losses)**

The Complaint, and each purported cause of action in the Complaint, is barred to the extent it seeks payment, reimbursement, contribution, or indemnification for, or is based on, a

1  loss the Policy does not cover, or is excluded from coverage under the Policy's terms,

2  exclusions, conditions and limitations.

**Twenty-fourth Defense**

**(Plaintiff's Failure to Comply With Policy Terms)**

5  Plaintiff failed to satisfy the terms and/or conditions of the Policy, including but not

6  limited to the conditions set forth under the Policy's provision stating what must be done

7  following a loss.

**Twenty-fifth Defense**

**(Allstate's Compliance With Policy Terms)**

10  Allstate fully performed all obligations, both express and implied, owed to plaintiff under

11  the Policy and applicable law.

**Twenty-sixth Defense**

**(Arbitration Clause)**

14  The Policy states "If we and an 'insured' disagree whether the 'insured' is legally

15  entitled to recover damages from the owner or driver of an 'uninsured motor vehicle' or do not

16  agree as to the amount of damages that are recoverable by that 'insured', the disagreement will

17  be settled by arbitration."  Plaintiff's claim for policy benefits are subject to arbitration under the

18  Policy and/or California Insurance Code Section 11580.2.

**Twenty-seventh Defense**

**(Stay of Proceedings)**

21  Plaintiff's claims are subject to a stay in the instant litigation pending conclusion of

22  arbitration under the Policy and/or California Insurance Code Section 11580.2.  9 U.S.C § 3;

23  9 U.S.C. § 4; Code Civ. Proc. § 1281.4.

**Twenty-eighth Defense**

**(Plaintiff's Claim Raised Genuine Issues)**

26  Plaintiff's claims for damages in excess of any policy benefits either agreed on or

27  awarded by an arbitrator are not recoverable because plaintiff's claims raised genuine issues

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

ALLSTATE'S ANSWER TO COMPLAINT

1  and/or disputes as to Allstate's duties, if any, under the Policy, and Allstate reasonably believed

2  in the validity of these issues and/or disputes.

3  <div align="center">**Twenty-ninth Defense**</div>

4  <div align="center">**(Good Faith of Allstate)**</div>

5  Allstate's conduct was reasonable and in good faith, hence not tortious.

6  <div align="center">**Thirtieth Defense**</div>

7  <div align="center">**(Speculative Nature of Damages)**</div>

8  Plaintiff is not entitled to recover a monetary judgment because plaintiff's damage

9  claims are speculative.

10  <div align="center">**Thirty-first Defense**</div>

11  <div align="center">**(No Entitlement to Attorneys' Fees)**</div>

12  Plaintiff is precluded from recovering attorneys' fees and costs from Allstate under

13  applicable provisions of the law.

14  <div align="center">**Thirty-second Defense**</div>

15  <div align="center">**(No Punitive Damages)**</div>

16  The Complaint fails to state facts sufficient to entitle plaintiff to punitive damages.

17  <div align="center">**Thirty-third Defense**</div>

18  <div align="center">**(Unconstitutionality of Punitive Damages)**</div>

19  Plaintiff's claim for punitive and exemplary damages is barred because the California

20  punitive damages statute is unconstitutional under the United States and California Constitutions

21  in that, among other things, it is void for vagueness, violates the equal protection clause, due

22  process clause, contract clause, and/or Eighth Amendment proscription against excessive fines,

23  and imposes an undue burden on interstate commerce.

24  <div align="center">**Thirty-fourth Defense**</div>

25  <div align="center">**(Right to Assert Additional Defenses)**</div>

26  Allstate reserves their right to amend its answer to the Complaint to assert any additional

27  defenses and/or applicable terms, provisions, exclusions, limitations or conditions of the Policy,

28  as may become apparent during discovery in this action.

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

<div align="center">- 7 -</div>

1    WHEREFORE, Allstate prays for judgment as follows:

2    1.    That plaintiff take nothing by way of his Complaint and that the Complaint be

3    dismissed with prejudice;

4    2.    That judgment be entered in Allstate' favor;

5    3.    That Allstate be awarded costs and attorneys' fees incurred in this action; and

6    4.    For such other and further relief as this Court deems just and proper.

7    Dated:  November 7, 2016                    DENTONS US LLP

8

9                                               By _____

10                                                  MEGAN BARKER

11                                              Attorneys for Defendant
                                                ALLSTATE INSURANCE COMPANY

DENTONS US LLP
ONE MARKET PLAZA , SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO , CALIFORNIA 94105
(415) 267-4000

<div style="margin-left:auto; width-style:vertical;">DENTONS US LLP<br>ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR<br>SAN FRANCISCO, CALIFORNIA  94105<br>(415) 267-4000</div>

**PROOF OF SERVICE BY MAIL**
Matthew Barnard v. Allstate Insurance Company, et al.
Sonoma County Superior Court
No. SCV259537

I am a citizen of the United States and employed in  County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1999 Harrison Street, Suite 1300, Oakland, California  94612.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On November 7, 2016, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| Michael D. Green, Esq. | ***Attorneys for Plaintiff*** |
| Scott R. Montgomery, Esq. | ***Matthew Barnard*** |
| ABBEY WEITZENBERG WARREN & | |
| EMERY, P.C. | |
| 100 Stony Point Road, Suite 200 | |
| PO Box 1566 | |
| Santa Rosa, CA  95402-1566 | |
| Telephone:  707-542-5050 | |
| Facsimile:  707-542-2589 | |
| Email:  egreen@abbeylaw.com | |
|         smontgomery@abbeylaw.com | |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 7, 2016, at Oakland, California.



Adrienne Hankins

- 1 -
PROOF OF SERVICE